# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COUNCIL OF THE DISTRICT OF
COLUMBIA,

               Plaintiff,

      v.

VINCENT C. GRAY, in his official capacity
as Mayor of the District of Columbia

       and

JEFFREY S. DeWITT, in his official capacity
as Chief Financial Officer for the District of
Columbia,

             Defendants.

Civil Action No. 1:14-cv-00655-EGS

## MOTION TO REMAND

The Council of the District of Columbia filed suit in D.C. Superior Court to require D.C.

officials to comply with their obligations under D.C. law.  That law is the Local Budget

Autonomy Act of 2012, enacted by the Council, signed by the Mayor, and approved by the

voters, which amended the District Charter—"[s]imilar in certain respects to a state constitution"

(*Shook v. D.C.  Fin. Responsibility & Mgmt. Assistance Auth.*, 132 F.3d 775, 776 (D.C. Cir.

1998))—to alter the process for approving expenditures of locally raised and locally kept

revenues.

Defendants Vincent C. Gray and Jeffrey S. DeWitt have refused to comply with the

Budget Autonomy Act because they erroneously believe that the Act is inconsistent with (1)

federal budget laws that apply nationwide, and (2) with limitations on the Council's authority

that apply only to the District.  Defendants' refusal to honor the Act has created an urgent need for judicial intervention, as the budget process for Fiscal Year 2015 is already underway.

The Council filed its Complaint on April 17, 2014.  The District's Mayor and Chief Financial Officer immediately removed the case from the District's courts to this Court.  Dkt. No. 1.  Much as the Council would like to proceed to the merits of this dispute as quickly as possible, it is compelled to seek a remand to Superior Court because this Court lacks subject-matter jurisdiction over the Council's Complaint.  The Council's Complaint neither invokes a federal cause of action nor presents a substantial question of federal law; under the well-pleaded complaint rule, this Court lacks jurisdiction.  Although Defendants may wish to interpose federal-law *defenses* to justify their refusal to comply with District law—and, indeed, the Council's motion for preliminary injunction anticipates and refutes those federal-law defenses— federal-law defenses do not create federal-question jurisdiction.

The Motion to Remand should be granted.

## BACKGROUND

This year, the District will raise more than $7 billion from D.C. sales, property, and income taxes, as well as from fees levied under D.C. law.  The Budget Autonomy Act changed the legislative process for spending those revenues, which are deposited into the D.C. General Fund.  Whereas previously, the District could only request that Congress permit the District to spend its own money—distinguishing it from every other home-rule jurisdiction in the country— the Budget Autonomy Act permits the Council to spend local funds by following the same process that is used for other legislation.

The Council unanimously adopted the Budget Autonomy Act in 2012.  Pursuant to the process for amending the District Charter, the Act was signed by Mayor Gray, ratified by an

overwhelming majority (83%) of District voters, and became law when Congress did not disapprove during its 35-day review period.

The Budget Autonomy Act accomplishes the District's longstanding objective of being able to spend the funds raised under local law.  Under the Act, legislation to spend local funds is treated the same as all other legislation—after the Council and the Mayor pass a local budget, it is submitted to Congress for a 30-day period of passive review.  Congress retains the authority to appropriate the federal portion of the District's budget from the U.S. Treasury.

Despite having signed the law, Mayor Gray announced on April 11, 2014, that on the advice of his Attorney General, he would not enforce it.  In particular, Mayor Gray told the Council that he would take three steps to prevent compliance with the Budget Autonomy Act:

> First, I will direct all subordinate agency District officials not to implement or take actions pursuant to the Act, which contravenes our Home Rule Charter and other federal law.  Second, I will veto any FY 15 budget transmitted by the Council that is not inclusive of both the local and federal portions of the budget, as required under the Home Rule Act.  Third, as noted, to achieve compliance to the extent I am able with the Home Rule Act, I will transmit to Congress and [the] President the full District budget as it stands after the 56th day following transmission to you of the budget, whether or not the Council has taken a second vote.

Letter from Vincent C. Gray, Mayor, District of Columbia, to Phil Mendelson, Chairman, Council of the District of Columbia 3 (Apr. 11, 2014) (Dkt. No. 1–3, Ex. C).

That same day, CFO Jeffrey S. DeWitt advised the Council that he would likewise refuse to implement the Act:

> I will not make or authorize any payment pursuant to a budget that was approved in conformance with the Act.  I will also direct OCFO employees not to certify contracts or make payments under this budget given the potential civil and criminal penalties to which they, as individuals, would be subject under the federal Anti-Deficiency Act.

Letter from Jeffrey S. DeWitt, CFO, District of Columbia, to Phil Mendelson, Chairman, Council of the District of Columbia 2 (Apr. 11, 2014) (Dkt. No. 1–3, Ex. D).

On April 17, the Council filed in Superior Court a Complaint for Declaratory and Injunctive Relief (Dkt. No. 1–3) and a Motion for Preliminary Injunction (Dkt. No. 1–4).  The Complaint stated a claim under the Superior Court's general equity jurisdiction and alleged primarily that "Defendants' refusal to comply with their duties under the Budget Autonomy Act is in violation of their responsibilities under the District Charter, as amended by the Autonomy Act."  Dkt. No. 1–3, ¶ 61.

The accompanying Motion for Preliminary Injunction anticipated and refuted Defendants' bases for *refusing* to comply with their obligations under the Charter.  In particular, the Council's motion explains that the Budget Autonomy Act is consistent with federal budget laws and does not exceed the substantive limitations on the Council's authority to propose amendments to the Charter.  Dkt. No. 1–4.  Because the federal budget laws and limitations on the Charter amendment process are defenses to the Council's claim for relief, they are not discussed in the Complaint.

Later on April 17, Defendants filed a notice of removal.  Dkt. No. 1.  They asserted federal-question jurisdiction based on the Council's contention that the Budget Autonomy Act does *not* violate "the Home Rule Act (which is a federal statute passed by Congress), the federal Anti-Deficiency Act, or the federal Budget and Accounting Act."  *Id.* at 2 (citations omitted).

## ARGUMENT

Federal courts exercise limited subject-matter jurisdiction.  A case must be remanded "[i]f at any time before final judgment it appears that the District Court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see J.S.R. ex rel. Rojas Polanco v. Washington Hosp. Ctr. Corp.*, 667 F. Supp. 2d 83, 85 (D.D.C. 2009).  The law presumes that "a cause lies outside [the

court's] limited jurisdiction" (*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377

(1994)), particularly when a case is removed from a state court (*see, e.g.*, *Williams v. Howard*

*Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997)).  "The court must resolve any ambiguities concerning

the propriety of removal in favor of remand."  *US Airways Master Exec., Council, Air Line Pilots*

*Assoc., Int'l v. Am. W. Master Exec., Council, Air Line Pilots Assoc., Int'l*, 525 F. Supp. 2d 127,

132 (D.D.C. 2007).

Federal-question jurisdiction under 28 U.S.C. § 1331 is available only if (1) "the

plaintiff's right to relief necessarily depends on a question of federal law"; and (2) "the question

of federal law is substantial."  *US Airways*, 525 F. Supp. 2d at 132.  "[A] case may *not* be

removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated

in the plaintiff's complaint, and even if both parties concede that the federal defense is the only

question truly at issue."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Federal courts lack jurisdiction over claims based upon "laws applicable exclusively to

the District of Columbia."  28 U.S.C. § 1366.  Thus, "[w]hen Congress acts as the local

legislature for the District of Columbia and enacts legislation applicable *only* to the District of

Columbia and tailored to meet specifically local needs, its enactments should—absent evidence

of contrary congressional intent—be treated as local law."  *Roth v. D.C. Courts*, 160 F. Supp. 2d

104, 108 (D.D.C. 2001). Because the Council's claim falls squarely within this category, the

Motion to Remand should be granted.

### A.    The Council's Claim Arises Under District Law.

The Council's right to relief depends on local law.  The Council's Complaint asserts an

entitlement to relief based on (1) the obligations of the Mayor and CFO set forth in the District

Charter; and (2) the Budget Autonomy Act, a locally-enacted provision that amended the

Charter.  Both are applicable exclusively to the District of Columbia, which means that federal-question jurisdiction is unavailable.

Four cases have evaluated whether claims arising under the Home Rule Act present questions suitable for federal jurisdiction—and on three of those occasions, subject-matter jurisdiction has been found to be lacking:

*First*, in *Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360 (D.C. Cir. 2007), the D.C. Circuit found itself without subject-matter jurisdiction to review a challenge to the District's alcoholic beverage laws on the theory that the Council had failed to heed the requirement—introduced by Congress in the original Home Rule Act and located within the District's Charter—that all legislation must be read twice before it is passed (*see* D.C. Code § 1–204.12(a)).  The court reasoned that, "[a]lthough the Home Rule Act contained elements of federal law" "[l]aws passed by Congress that are applicable exclusively to the District of Columbia are not federal law for jurisdictional purposes, so any claims based on such laws are necessarily local."  *Decatur Liquors,*  478 F.3d at 362–63.

*Second*, in *Dimond v. District of Columbia*, 792 F.2d 179 (D.C. Cir. 1986), the D.C. Circuit found no federal-question jurisdiction over plaintiffs' claim that the District's no-fault auto insurance law violated two provisions of the Home Rule Act, which provide:

> The Council shall have no authority . . . to:
>
> (4) Enact any act, resolution, or rule with respect to any provision of Title 11 (relating to organization and jurisdiction of the District of Columbia Courts);
>
> . . .
>
> (8) Enact any act or regulation relating to the United States District Court for the District of Columbia . . . .

*Id.* at 188 (quoting provisions now codified at D.C. Code § 1–206.02(a)(4), (8)).  The court reasoned that, even though the Home Rule Act provisions relate to the functions of the federal courts, they "would appear to apply exclusively to the District of Columbia," which makes federal-question jurisdiction unavailable.

*Third*, in *Little v. Fenty*, 689 F. Supp. 2d 163 (D.D.C. 2010), plaintiffs filed suit alleging, *inter alia*, that the District's recognition of foreign same-sex marriages violated the Home Rule Act in light of the Defense of Marriage Act of 1996, because the Home Rule Act "prohibits the D.C. City Council from enacting any Act to amend or repeal any Act of Congress."  Complaint at 6, *Little*, 689 F. Supp. 2d 163, ECF No. 1 (No. 1:09-cv-02308-CKK).  Citing *Decatur*, the district court found that it had no federal-question jurisdiction over that claim.

*Fourth*, in *Thomas v. Barry*, 729 F.2d 1469 (D.C. Cir. 1984), the D.C. Circuit affirmed the exercise of jurisdiction over a claim arising under a provision of the Home Rule Act outside the District Charter directing the transfer of certain employees from the U.S. Department of Labor to the District Government.  In that case, a class of those employees sought reinstatement of federal civil service benefits; in that context, the court found because the Home Rule Act "extends beyond the narrow sphere of the District of Columbia to various federal employees and to the actual structure of the Department of Labor," an exercise of federal-question jurisdiction was warranted.  *Id.* at 1471.  The court explained that the relevant portion of the Home Rule Act could not be considered local law because "[a] state or local statute cannot direct the federal government to affect transfers or to abolish positions altering its structure."  *Id.*

These cases stand jointly for the proposition that the Home Rule Act supplies federal-question jurisdiction only in the narrow circumstance where Congress has undertaken direct regulation of the federal government beyond the scope of what a state or local government may

do.  But even District requirements limiting the District's regulation of federal concerns (as in *Dimond* and *Little*) are local matters for purposes of federal-question jurisdiction.  That makes sense because, where the District is concerned, federal concerns typically are lurking in the background, even where they do not amount to a substantial federal question.  *See also Banner v. United States*, 303 F. Supp. 2d 1, 18 & n.15 (D.D.C. 2004), *aff'd*, 428 F.3d 303 (D.C. Cir. 2005).

Here, the Council's Complaint is like *Decatur Liquors*, *Dimond*, and *Little*, and unlike *Thomas*.  The Council's claim to relief is premised on the local obligations of local officials, as triggered by the budget process for local funds in the District Charter—the state constitution equivalent that became local law only after it was ratified by the people of the District.  The CFO's announced refusal to authorize payments or to certify contracts violates his obligations under D.C. Code § 1–204.24d—obligations that apply to him but to no federal officials.  *See* Dkt. No. 1–3, ¶ 26.  The Mayor's decision to direct subordinates not to comply with the Act violates his obligation to be "responsible for the proper execution of all laws relating to the District"—an obligation that applies to the District's Mayor alone.  D.C. Code § 1–204.22; *see* Dkt. No. 1–3, ¶ 20.  The Mayor's announced intent to preempt the Council's legislative process by treating the once-read budget as the final budget violates the two-reading requirement of D.C. Code § 1–204.12(a) and usurps the Council's exclusive authority to exercise the District's delegated powers of legislation (*id.* § 1–204.04(a)).

Even if the Council's claim were viewed as arising under the Local Budget Autonomy Act itself—as opposed to the specific Home Rule Act provisions that Defendants are violating as a result of that Act and which serve as the basis of the Council's claim for relief—federal-question jurisdiction would still be unavailable.  The Budget Autonomy Act is *local* legislation, and no court has found local legislation to constitute the "law[] . . . of the United States."  28

U.S.C. § 1331; *cf. Key v. Doyle*, 434 U.S. 59, 61 (1977) ("a law applicable only in the District of Columbia is not a 'statute of the United States' for purposes of 28 U.S.C. § 1257(1)"); *see also D.C. v. All of Parcel of Land Identified in D.C. as 2626 Naylor Rd., S.E., Washington, D.C. 20020 Square/Lot 5633/0801*, 763 F. Supp. 2d 5, 8–9 (D.D.C. 2011) (remanding an action where it was "clear from plaintiff's Complaint that [it was] asserting a right created by District, not federal law" and where "District rather than federal law creates plaintiff's cause of action.").

Defendants' notice of removal cites two cases in support of their claim to jurisdiction based on the Home Rule Act.  *First*, they cite *Thomas* for the proposition that "the D.C. Circuit long ago ruled that the Home Rule Act is a 'hybrid statute' that impacts both the local and federal government, sufficient to support federal-question jurisdiction."  Dkt. No. 1, at 2 (quoting *Thomas*, 729 F.2d at 1471).  But *Decatur Liquors*, *Dimond*, and *Little* plainly belie the assertion that *any* claim premised on the Home Rule Act presents a federal question and, indeed as explained *supra*, those cases collectively support the conclusion that a substantial federal question is not presented in this case.  *Second*, they cite *Bliley v. Kelly*, 23 F.3d 507 (D.C. Cir. 1994).  But that case is simply inapposite.  It does not address whether a claim arising under the Home Rule Act can support federal-question jurisdiction; that case arose under a federal statute, 42 U.S.C. § 1983.

**B.**     **The Anti-Deficiency Act and Budget and Accounting Act Are Beyond the Scope of the Council's Well-Pleaded Complaint.**

In the alternative, Defendants contend that two purely federal statutes—the Anti-Deficiency Act and the Budget and Accounting Act—warrant this Court's invocation of federal-question jurisdiction.  But those statutes are not the basis for the *Council's* claim; they are, rather, defenses that *Defendants* wish to interpose.  Indeed, it is the position of the Council that the Budget Autonomy Act is consistent with the Anti-Deficiency Act and does not implicate the

procedures required by the Budget and Accounting Act.  Dkt. No. 1–4, at 15–26.  Potential

defenses are irrelevant when evaluating the availability of federal-question jurisdiction.

On this score, Defendants' notice of removal is telling.  Although they contend that the

*case* implicates the Anti-Deficiency Act and the Budget and Accounting Act, they identify only

one paragraph in the Complaint, which does not mention those statutes.[1]  The absence of those

federal questions from "the face of the plaintiff's properly pleaded complaint" (*Caterpillar*, 482

U.S. at 392) confirms that there is no federal-question jurisdiction here.  *See generally* 13D

WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3566 (3d ed.).

Defendants principally rely on the Council's Motion for Preliminary Injunction, which

addresses and rebuts Defendants' federal *defenses*, but that does not mean that those defenses are

part of the Council's well-pleaded complaint.  The Complaint itself mentions neither the Anti-

Deficiency Act nor the Budget and Accounting Act.  But even if it did, it would not matter:

"Federal jurisdiction cannot be predicated on an actual or anticipated defense."  *Vaden v.

Discover Bank*, 556 U.S. 49, 60 (2009).[2]

\*     \*     \*

In many cases, notices of removal and motions to remand implicate party forum

preferences.  In this case, the competing fora seem equally suited to addressing the important

questions of District governance presented by this dispute.  But concerns of timing counsel in

---

[1] *See* Dkt. No. 1–3, ¶ 63 ("The Council is entitled to a declaratory judgment, pursuant to D.C. Superior Court Rule 57 and 28 U.S.C. § 2201, that the Budget Autonomy Act is legally valid as the law of the land and that Defendants are required to treat the Act as binding law.").

[2] Determining the existence of federal-question jurisdiction is additionally complicated when a declaratory judgment action seeks to avoid a future, coercive claim.  *See, e.g.*, *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950).  Those complications do not apply here because the Council is seeking a coercive injunction.

favor of remand.  Both parties agree that prompt judicial resolution of this matter is critical to avoiding potential harms to the District.  To that end, the Council's Motion for Preliminary Injunction respectfully seeks final resolution to permit the Council to complete the first reading of its Fiscal Year 2015 budget on May 28.  Protracted litigation over jurisdictional issues, including possible review of jurisdictional issues by the D.C. Circuit, could impede the parties' ability to obtain a conclusive judicial resolution of this matter within this narrow timeframe available.  In these circumstances, the maxim that courts must "resolve any doubts about the existence of jurisdiction in favor of remand" (*Green v. Wachovia Bank N.A.*, 2007 WL 1302598, at *1 (D.D.C. May 2, 2007)) takes on added weight.  The extraordinary circumstances present here provide ample reason to resolve any "doubts" about the jurisdiction in favor of remand to the Superior Court, whose jurisdiction is certain, where the parties can move forward toward prompt judicial resolution.

## CONCLUSION

For the foregoing reasons, the Motion to Remand should be granted.

Dated: April 21, 2014                    Respectfully submitted,

                                         BOIES, SCHILLER & FLEXNER LLP
                                         MAYER BROWN LLP


By: /s/ Karen L. Dunn (*with permission*)    By: /s/ Brian D. Netter
    Karen L. Dunn                          Brian D. Netter
     D.C. Bar No. 1002520                   D.C. Bar No. 979362
    Alexander I. Platt                     Breanne A. Gilpatrick
     D.D.C. Bar No. D00396                  D.C. Bar No. 1018094
    BOIES, SCHILLER & FLEXNER LLP          MAYER BROWN LLP
    5301 Wisconsin Avenue, NW              1999 K Street, NW
    Washington, D.C.  20015                Washington, D.C.  20006-1101
    Telephone:  (202) 237-2727            Telephone:  (202) 263-3000
    Facsimile:  (202) 237-6131            Facsimile:  (202) 263-3300
    Email:  KDunn@bsfllp.com              Email:  bnetter@mayerbrown.com

Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, I filed the foregoing with the CM/ECF system, which will provide notification of the filing to all registered parties of record.

/s/ Brian D. Netter
Counsel for Plaintiff