## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

COUNCIL OF THE DISTRICT OF
COLUMBIA,

     Plaintiff,

     v.

VINCENT C. GRAY, in his official capacity
as Mayor of the District of Columbia,

        and

JEFFREY S. DeWITT, in his official capacity
as Chief Financial Officer for the District of
Columbia,

     Defendants.

No. 1:14-cv-00655-EGS

Hon. Emmet G. Sullivan

### PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS[*]

The Council of the District of Columbia responds to the allegations in Defendants'

Counterclaims as follows:

Any allegation not expressly admitted is denied.

### OVERVIEW

*74.     The actions of the Council, in enacting the BAA, violate the Home Rule Act,*

*other federal statutes, the U.S. Constitution, and the principle of separation of powers*

*incorporated in the District's Charter. The Home Rule Act does not permit either the Council or*

*the citizens of the District to unilaterally seize budget autonomy for the District and thereby*

*deprive the President, Congress, and other federal agencies of their long-established roles in the*

---

[*] For simplicity, the Council refers to itself throughout as "the Council" or "Plaintiff" and refers to Defendants/Counterclaimants as "Defendants."

1

*enactment of the District's budget. The only lawful way the Charter can be amended as proposed by the BAA is through an Act of Congress, as President Obama and members of both the House and the Senate have proposed.*

**Response:** Denied.

75.    *The Charter outlines the specific steps that must be taken in order for the District to develop and propose, and for Congress to enact, the District's yearly budget and any supplements thereto. The Charter requires that the Mayor, in consultation with the CFO, draft and submit a proposed budget to the Council for adoption. The Council must adopt a final budget within 56 days of receiving the Mayor's proposal, and then the Mayor must submit the adopted budget to the President for ultimate enactment by Congress of an appropriations Act signed by the President. The Home Rule Act does not grant the District authority to alter this process through local legislation; such authority rests solely with Congress and the President to do so through the prescribed Article 1, Section 7 process by which federal laws are enacted or amended.*

**Response:** Admitted the Charter requires the Mayor, in consultation with the CFO, to draft and submit a proposed budget to the Council for adoption.  Otherwise denied.

76.    *Nonetheless, the Council enacted the BAA, which purported to alter the District's budget process under the Charter.  Specifically, the BAA maintained the congressionally-mandated budget process for the "federal portion" of the District's budget but purported to make an act of the Council, without more, sufficient to permit the spending of (i) the "local portion" of the District's budget and (ii) any supplement to the budget, regardless of whether the supplement obligated federal or local funds. In addition, the BAA purported to permit the Council to change the District's fiscal year.*

**Response:** Denied that the Budget Autonomy Act only "purported" to change the law.  In light of the congressional review period, further denied that the Budget Autonomy Act "make[s] an act of the Council, without more, sufficient to permit the spending of . . . the 'local portion' of the District's budget."  Denied that the Budget Autonomy Act applies to "any supplement to the budget, regardless of whether the supplement obligated federal or local funds."  Admitted that the Budget Autonomy Act "permit[s] the Council to change the District's fiscal year."

77.      *The BAA amendments to the Charter violate the Home Rule Act in several ways. Title VI of the Charter is entitled "Reservation of Congressional Authority" and Section 602 under that Title is entitled "Limitations on the Council." Section 602(a) provides that the "Council shall have no authority . . . to . . . (3) enact any act, or . . . amend or repeal any Act of Congress, which concerns the functions or property of the United States or which is not restricted in its application exclusively in or to the District." In violation of this provision, and hence of the Supremacy Clause, the BAA purports to affect the functions of the federal government under the Home Rule Act (and under the Anti-Deficiency Act and Budget and Accounting Act).*

**Response:** Denied.

78.      *Section 603 of the Home Rule Act, which is entitled "Budget Process: Limitations on Borrowing and Spending," provides that "Nothing in this act shall be construed as making any change in existing law. . . or basic procedure and practice relating to the respective roles of Congress, the President, the federal office of Management and Budget and the Comptroller General of the United States in the preparation, review, submission, examination, authorization and appropriation of the total budget of the District of Columbia government." The BAA violates this provision as well, because the BAA purports to change "existing law,*

*regulation, or basic procedure and practice" regarding every one of these federal institutions in the District's budget process.*

**Response:** Denied. The Council further notes that Section 603 is entitled "Budget Process; Limitations on Borrowing and Spending."

79.     *The BAA violates Section 603(e) of the Home Rule Act by purporting to remove the "local portion" of the District's budget and any subsequent supplements to the budget from the purview of the Anti-Deficiency Act. Section 603(e) states: "Nothing in this Act shall be construed as affecting the applicability to the District government" of the Anti-Deficiency Act, Title 31, Ch. 15 of the U.S. Code. So insistent was Congress in the Home Rule Act that the District comply with the Anti-Deficiency Act that it repeated this injunction in Section 446 (entitled "Enactment of Appropriations By Congress"): "no amount may be obligated or expended by any officer or employee of the District of Columbia government unless such amount has been approved by Act of Congress, and only according to such Act."*

**Response:** Denied.

80.     *The language of the Home Rule Act, reserving the power of appropriations to Congress and precluding any amendment of the Charter by the Council on that issue, is clear because without that assurance Congress would never have granted limited home rule to the District. Opponents of home rule for the District predicated their position on congressional loss of control over the District's budget. To garner their support, Congressman Walter Fauntroy of the District and others, including Congressmen Charles Diggs of Michigan and Brock Adams of Washington, brokered a compromise that in return for limited home rule, the legislation would insure that Congress kept control over the District's budget, including expenditures. That bargain carried the legislative day, and for 40 years every local Administration and Council*

*adhered to that bargain—until enactment of the BAA.*

**Response:** Denied.

81.      *The Attorney General for the District of Columbia has issued a formal legal Opinion that the Act is legally invalid and null and void. So, too, has the General Counsel of the General Accountability Office ("GAO"). In reliance on those opinions, confirmed independently by the CFO's legal staff, Counterclaimants have concluded that any budget approved pursuant to the BAA would not be legally valid.  Accordingly, Counterclaimants will neither comply with the provisions of the BAA that violate the Home Rule Act and the Anti-Deficiency Act, nor approve expenditures under an illegally-enacted budget at the risk of criminal, civil, or administrative penalties. Counterclaimants' refusal to abide by the BAA, a legal nullity, supports a request for necessary and expedited judicial review of the Act, to confirm that Counterclaimants are justified in following the binding federal law and not implementing the patently illegal BAA.*

**Response:** Admitted that the Attorney General and the GAO have issued legal opinions on the subject of the BAA. The Plaintiff refers the Court to these opinion letters for a complete and accurate description of their contents. Admitted that Defendants have refused to abide by the BAA, and that this refusal supports a request for necessary and expedited judicial review. Plaintiff lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation that these opinions were confirmed "independently" by the CFO's legal staff. Plaintiff denies the remaining allegations.

82.      *The BAA's amendments to the Charter would, if implemented, impermissibly intrude on congressionally-mandated functions of the Mayor and CFO, and would expose Counterclaimants and thousands of other Executive employees to potential criminal, civil, and*

*administrative liability under the Anti-Deficiency Act. Further, the Council's actions expose Counterclaimants to a substantial and imminent risk of the loss of funding for their respective offices, as well as a loss of funding for District government operations as a whole. Indeed, if the District does not have appropriated funds for the CFO to authorize payment of salaries and pensions of current and former employees of the District, the District could be faced with the return of the federal control board as a matter of law.*

**Response:** Denied.

## PARTIES

*83.      Counterclaimant Vincent C. Gray is the Mayor of the District of Columbia. The District, a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States.*

**Response:** Admitted.

*84.      Counterclaimant Jeffrey S. DeWitt is the Chief Financial Officer for the District.*

**Response:** Admitted.

*85.      Mayor Gray and CFO DeWitt bring this counterclaim through the District's Attorney General, pursuant to the Attorney General's authority to uphold the public interest and to institute suit on behalf of the District in court under D.C. Official Code § 1-301.81(a)(1) (2013 Supp.).*

**Response:** The allegation that Defendants may bring these counterclaims through the Attorney General is a legal conclusion not subject to admission or denial.  Denied that the Attorney General is "uphold[ing] the public interest."

*86.      Counterclaim Defendant Council of the District of Columbia is the legislative branch of the District of Columbia government.*

**Response:** Admitted.

## JURISDICTION AND VENUE

*87.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.*

*§§ 1331 and 2201. The challenged Council legislation interferes with the execution of federal*

*law under Title 31 of the United States Code.*

**Response:** The allegation that this Court has subject matter jurisdiction is a legal

conclusion not subject to admission or denial.

*88.      Venue lies in this Court pursuant to 28 U.S.C. § 1391.*

**Response:**  The allegation that this Court is a proper venue is a legal conclusion not

subject to admission or denial.

## STATEMENT

### I.      District of Columbia Home Rule Act

*89.      Article 1, Section 8, Clause 17 of the U.S. Constitution vests Congress with the*

*power "to exercise exclusive legislation in all Cases whatsoever" over the District of Columbia.*

**Response:** The Council refers the Court to the Constitution for a complete and accurate

description of its contents.

*90.      In 1973, pursuant to this authority, Congress enacted the District of Columbia*

*Self-Government and Governmental Reorganization Act, later codified as D.C. Official Code*

*§§ 1-201.01, et seq. (2013) ("Home Rule Act"). The Home Rule Act provides residents of the*

*District substantial, but not unlimited, powers of local self-government. However, it also*

*explicitly reserves to Congress (in Section 1-201.02) "the ultimate legislative authority over the*

*nation's capital granted by article I, § 8, of the Constitution[.]"  Further, Congress expressly*

*identified a number of what Title VI of the Charter identifies as "Limitations on the Council."*

*These limitations include the following, now codified at D.C. Section 602(a)(3): "The Council shall have no authority to pass any act contrary to the provisions of this Act except as specifically provided in this Act, or to. . . (3) enact any act, or enact any act to amend or repeal any Act of Congress, which concerns the functions or property of the United States or which is not restricted in its application exclusively in or to the District . . . ."*

**Response:** The Council refers the Court to these statutes for a complete and accurate description of their contents.

91. *Sections 1-204.01 through 1-204.115 of the Home Rule Act constitute the District of Columbia Charter, which sets forth the organizational structure of the District government. The Charter created a tripartite form of government, vesting legislative power in the Council and executive power in the Mayor. D.C. Official Code §§ 1-204.04, 1-204.22.*

**Response:** The Council refers the Court to the Charter for a complete and accurate description of its contents.

92. *The Charter mandates that each year the Mayor submit an annual budget for the District to the Council. § 1-204.42. After receipt of the Mayor's budget proposal, the Council must adopt a budget for the District, which the Mayor must then submit to the President for transmission to Congress. The Charter requires a similar process for any supplements to the budget. The Charter also provides that "no amount may be obligated or expended by any officer or employee of the District of Columbia government unless such amount has been approved by Act of Congress, and then only according to such Act." Id.,§ 1- 1-204.46 (2012).*

**Response:** The Council refers the Court to the Charter for a complete and accurate description of its contents.

93. *Section 103(15) of the Home Rule Act (D.C. Official Code § 1-201.03(15))*

*defines "budget" as "the entire request for appropriations and loan or spending authority for all activities of all agencies of the District financed from all existing or proposed resources and shall include both operating and capital expenditures."*

**Response:** The Council refers the Court to the Home Rule Act for a complete and accurate description of its contents.

*94.      In the Home Rule Act, Congress provided that the Charter could be amended in some respects by an act passed by the Council and ratified by a majority of District voters. Id., § 1-203.03. Section 303(d), however, explicitly prohibits the use of this process to enact any law contrary to the limitations set forth in Sections 601, 602, and 603 of the Home Rule Act, which, among other things, specifically reserves to Congress control of the District's budget.*

**Response:** The Council refers the Court to the Charter for a complete and accurate description of its contents.

## II.    Budget Autonomy Act of 2013

*95.      The BAA was passed by the Council on December 4, 2012, and subsequently signed by the Mayor. On or about December 19, 2012, the Mayor sent a letter to the Chairman of the Council (with copies to every other councilmember), expressing his belief that while he "fully and passionately support[s] the goal of securing budget autonomy for the District of Columbia as soon as possible[,]" the proposed legislation likely violated the Home Rule Act and other provisions of federal law.  In a special election held on April 23, 2013, a majority of those voting approved the Budget Autonomy Act. The number of voters who voted for the BAA in the special election constituted less than ten percent of the total number of registered voters in the District. As required by the Home Rule Act, the District's Board of Elections certified the ratification of the Act, on May 8, 2013, and the Chairman of the Council submitted the Act's*

*purported Charter amendments to Congress that same day, per D.C. Official Code § 1-203.03(b).*

**Response:** Admitted that the BAA was unanimously enacted by the Council, signed by the Mayor, and  ratified by a majority of District voters. Otherwise denied.

96.     *Congress took no formal action with respect to the Act, and the BAA, by its terms, purported to become effective as of January 1, 2014.*

**Response:** Denied that the BAA only "purported" to become effective.  Otherwise admitted.

97.     *The BAA purports to amend several provisions of the Charter relating to the District's budget process by (i) exempting the District's budget process for "local" funds and subsequent supplements to the budget from the congressional appropriations requirements established by Congress in the Home Rule Act, and (ii) permitting the Council to change the District's fiscal year.*

**Response:** Denied that the BAA only "purports" to amend Charter provisions. Plaintiff refers the Court to the BAA for a complete and accurate description of its contents.

98.     *The Act purported to change the title of Charter Section 446 (D.C. Official Code § 1-204.46) from "Enactment of Appropriations by Congress" to "Enactment of local budget by Council." The Act would separately treat the "federal portion" and the "local portion" of the District's budget. Although neither of those terms is defined in either the BAA or the Home Rule Act, it appears that the "local portion" is that segment of the District's budget derived from local sources, including District of Columbia income, sales, and property tax revenues. Approximately two-thirds of the District's budget stems from such local revenues. The Act purports to change the review by Congress and the President of the District's local budget*

*appropriations from active—as mandated by the Home Rule Act, and followed by the District*
*and federal governments for the past forty years—to passive.*

**Response:** Plaintiff refers the Court to the BAA for a complete and accurate description
of its contents.

99.     *Additionally, the Act purports to require that the Council Chairman submit the*
*local portion directly to the Speaker of the House of Representatives for passive review*
*"pursuant to the procedure set forth in section 602(c) of the Home Rule Act." D.C. Law 19-321,*
*§ 2(e). Under this provision, the Mayor would no longer submit the local portion to the*
*President, and the President would no longer submit it to Congress for enactment. The federal*
*portion of the District's budget would continue to be submitted by the Mayor to the President for*
*transmission to Congress for enactment.*

**Response:** Plaintiff refers the Court to the BAA for a complete and accurate description
of its contents.

100.     *Furthermore, the Act purports to allow the Council to enact any supplements to*
*the annual budget, and submit the supplements directly to Congress for passive review.  D.C.*
*Law 19-321, § 2(e). The Act does not distinguish between supplements using federal funds and*
*supplements using local funds.*

**Response:** Plaintiff refers the Court to the BAA for a complete and accurate description
of its contents.

101.     *Because Section 446 of the Charter prohibits District employees from obligating*
*or expending funds except in accordance with an act of Congress, the Act attempts to amend that*
*section of the Charter to allow District employees to obligate or expend local funds if the amount*
*"has been approved by an act of the Council."  Id., amending D.C. Code 1-204.46. Thus, under*

*the Act, no congressional action would be necessary before District employees could obligate and expend local and supplemental funds.*

**Response:** Plaintiff refers the Court to the BAA for a complete and accurate description of its contents.

### III.   The Illegality and Invalidity of the Budget Autonomy Act

*102.      The BAA's purported amendments to the Charter violate the Home Rule Act because they contravene Sections 602 and 603, and thus are prohibited amendments under Section 303(d). These violations of federal law render the BAA null and void.*

**Response:** Denied.

### A.   Section 602(a)(3)

*103.      Section 602(a) of the Charter (D.C. Official Code § 1-206.02(a)(3)) provides that the Council "shall have no authority . . . to . . . (3) enact any act, or . . . amend or repeal any Act of Congress, which concerns the functions or property of the United States or which is not restricted in its application exclusively in or to the District."*

**Response:** Plaintiff refers the Court to this provision for a complete and accurate description of its contents.

*104.      The BAA amendments remove the budgeting of local and supplemental funds from the federal appropriations process and allow the Council to change the District's fiscal year.  These changes would affect the functions of the United States by (i) preventing Congress, with Presidential approval, from appropriating local District funds and supplemental District funds; (ii) eliminating the President, the federal Office of Management and Budget ("OMB") and the U.S. Comptroller General from their respective roles in the local portion of the District's budget process and the entire District supplemental budget process; and (iii) making it difficult, if not impossible,*

*for Congress to review the District's finances during Congress' regular budget cycle.  Further, because the Home Rule Act, including the Charter, allocates functions between the District and the federal government, it is an Act of Congress not limited in its application "exclusively in or to the District."  The BAA amendments to the Charter thus violate Section 602(a)(3) of the Home Rule Act.*

**Response:** Denied.

*105.     In addition, the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342, 1349 to 1351 and subchapter II of Chapter 15, expressly prohibits federal and District government employees, under pain of federal criminal and administrative penalties, from obligating or expending funds in excess or advance of a congressional appropriation.  The Anti-Deficiency Act is the principal mechanism the federal government uses to ensure District and federal agency compliance with federal appropriations law.*

**Response:** Plaintiff refers the Court to the Anti-Deficiency Act for a complete and accurate description of its contents.

*106.     The BAA amendments purport to exempt the District's local-funds budget and supplemental budgets from the federal appropriations process, unilaterally removing District transactions involving local and supplemental funds from the scope of the Anti-Deficiency Act – an Act of Congress that applies to all federal agencies, not just the District.  As a result, the BAA amendments attempt to amend the requirements of the Anti-Deficiency Act, and thus violate Section 602(a)(3) of the Home Rule Act.  That violation renders them a nullity under the Supremacy Clause. See Article 6, Section 2 of the Constitution ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land[.]").*

**Response:** Denied.

107.     Finally, the Budget and Accounting Act, 31 U.S.C. § 1108, requires the Mayor and federal agencies to submit annual budget proposals to the President.  The BAA amendments purport to exclude the District's local-funds budget from the coverage of the Budget and Accounting Act – again, an Act of Congress that applies to all federal agencies, not just to the District.  Accordingly, the BAA amendments attempt to amend the requirements of the Budget and Accounting Act, and thus violate Section 602(a)(3) of the Home Rule Act, rendering it invalid under the Supremacy Clause.

**Response:** Denied.

### B.     Section 603(a)

108.     Section 603(a) of the Home Rule Act (D.C. Official Code § 1-206.03(a)) provides: Nothing in this act shall be construed as making any change in existing law, regulation, or basic procedure and practice relating to the respective roles of the Congress, the President, the federal Office of Management and Budget, and the Comptroller General of the United States in the preparation, review, submission, examination, authorization, and appropriation of the total budget of the District of Columbia government.

**Response:** Admitted.

109.     The BAA mandates that the District establish its own budget for local and supplemental funds, to be authorized according to a potentially different fiscal year, subject only to passive congressional review.  The BAA also eliminates the President, OMB, and the U.S. Comptroller General from the District's budget process for local and supplemental funds.  The BAA amendments therefore contradict the express prohibition in Section 603(a), and thus are not legal amendments to the Charter under Section 303(d).

**Response:** Denied.

C.      **Section 603(e)**

*110.     Section 603(e) of the Home Rule Act (D.C. Official Code § 1-206.03(e)) states that*

*nothing in the Home Rule Act shall be construed as affecting the applicability of the Anti-*

*Deficiency Act to the District government.*

**Response:** Plaintiff refers the Court to this provision for a complete and accurate

description of its contents.

*111. The BAA amendments purport to authorize District officials and employees to spend*

*local and supplemental funds, without a congressional appropriation, based only on the Council's*

*approval of budget legislation.*

**Response:** Plaintiff refers the Court to the BAA for a complete and accurate description

of its contents.

*112.     The Act unilaterally exempts local and supplemental District funds from the*

*requirements of the Anti-Deficiency Act, thereby violating both Section 603(e) of the Home Rule*

*Act, and the Anti-Deficiency Act's own statement that its requirements apply to the District.*

**Response:** Denied.

D.      **Counterclaimants, the District's Attorney General, the GAO, and Congress
        all view the Act as invalid.**

*113.     On April 8, 2014, the Attorney General for the District of Columbia issued a formal*

*legal Opinion concluding that the Act is a nullity because it violates Sections 602 and 603 of the*

*Home Rule Act, the Anti-Deficiency Act, and the Budget and Accounting Act.  In addition, the*

*Attorney General noted that under Reorganization Order 50, Part II, effective July 26, 1953, his*

*Opinion operates as the "guiding statement of the law" for the District's Executive branch, and that*

*it "must be followed by all District officers and employees in the performance of their official duties*

*unless and 'until overruled by a controlling court decision.'"*

**Response:** Admitted.

114.     On April 11, 2014, in a letter to the Council, Mayor Gray stated that the Opinion was "binding on the Executive branch officials in the District government absent a controlling court opinion to the contrary," and thus the BAA could have "no effect on the formation of the District's budget." The CFO, aided by his own legal staff, also analyzed the legality of the BAA, and, on April 11, 2014, informed the Council of the CFO's conclusion that there was "no legal validity to the Act" and that any budget approved pursuant to the BAA, absent congressional or judicial approval, would not be legal.

**Response:** Plaintiff lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation that these opinions were "confirmed independently" by the CFO's legal staff. Plaintiff admits the remaining allegations.

115.     Counterclaimants and the Attorney General are not alone in their view that the Act is invalid. In a January 30, 2014 decision, the GAO, through its Office of General Counsel, also concluded that the Act is invalid, noting, following an extensive review of the Council's and Attorney General's legal views, that the "portions of the [Act] that purport to the change the federal government's role in the District's budget process are without legal force or effect." GAO Decision B-324987 (Jan. 30, 2014) (available online at http://www.gao.gov/assets/670/660543.pdf). The GAO also pointed to the legislative history of the Home Rule Act, noting that while that legislation was under consideration, Congress rejected a Senate proposal to grant the District budget autonomy, which—just like the BAA—would have granted the Council authority to make funds available for obligation and expenditure on its action alone. The GAO decision is especially noteworthy since the GAO not only is empowered to audit the District's finances, 31 U.S.C. § 715, and make "investigation[s] and report[s] [to Congress]" relating to federal "revenue,

*appropriations, and expenditures," Id. § 712, but is also the federal agency responsible for compiling all violations of the Anti-Deficiency Act, id. § 1351.*

**Response:** Denied that the GAO opinion is "especially noteworthy." Plaintiff lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation that the GAO conducted an "extensive" review of competing legal views before issuing its opinion.

*116.    Congressional action following the enactment of the BAA makes clear that Congress itself views its fiscal relationship with the District as unchanged. On January 15, 2014, Congress enacted the Consolidated Appropriations Act of 2014. Section 816 of that law authorizes the District to use local funds in the event of a federal government shutdown during fiscal year 2015. In doing so, Congress expressed its will that both Section 446 of the Home Rule Act (D.C. Official Code § 1-204.46) and the Anti-Deficiency Act would continue to apply to local funds and require congressional appropriations. This legislation leaves no doubt that Congress views the BAA as having no legal force.  Additionally, in reference to the BAA, the Financial Services and General Government Subcommittee of the U.S. House of Representatives' Committee on Appropriations has specifically noted that the BAA represented the "opinion" of District residents, but stated that the vote did not effectuate any legal change to the District's appropriations process. Fiscal Year 2014 Financial Services and General Government Committee Report, p. 38. (available online at http://appropriations.house.gov/uploadedfiles/hrpt-113-hr-fy2014-fservices.pdf).*

**Response:** Denied.

*117.    Counterclaimants have concluded that any budget enacted pursuant to the BAA would be illegal and inoperative.  Counterclaimants cannot legally comply with the amended*

*budget process enacted by the Council through the BAA.*

**Response:** Denied.

*118.     Counterclaimants' inability and unwillingness to comply with the BAA or authorize*

*expenditures under any budget approved pursuant to the BAA—and face exposure to federal*

*sanctions—calls for necessary and expedited judicial review of the Act.*

**Response:** Admitted that Defendants' refusal to comply with binding law calls for

necessary and expedited judicial review of the Act. Otherwise denied.

### IV.     Injurious Effects of the BAA

### A.     Infringement on Executive Powers

*119.     The BAA amendments violate the separation of powers inherent in the District's*

*Charter; they annex powers and functions Congress specifically delegated to the Mayor and CFO,*

*and prevent the Mayor and CFO from fulfilling their legal obligations under the Home Rule Act.*

**Response:** Denied.

*120.     Section 446 of the Charter empowers the Mayor to submit the District's total*

*budget to the President.  In addition, Section 448 of the Charter (D.C. Official code § 1-204.48)*

*provides that the Mayor "shall have charge of the administration of the financial affairs of the*

*District," and shall "supervise and be responsible for all financial transactions to insure adequate*

*control of revenues and resources to insure that appropriations are not exceeded."*

**Response:** Plaintiff refers the Court to these provisions for a complete and accurate

description of their contents.

*121.     The CFO's duties pursuant to Section 424d of the Charter (D.C. Official Code § 1-*

*204.24d) include "preparing under the direction of the Mayor … the budget for submission by the*

*Mayor to the Council and to the public and upon final adoption to Congress and to the public."  Id.*

*The CFO's duties also include: (i) "apportioning the total of all appropriations and funds made available during the year for obligation so as to prevent deficiency," (ii) "certifying all contracts and leases . . . prior to execution as to the availability of funds to meet the obligations expected," and (iii) "certifying and approving prior to payment of all bills, invoices, payrolls, and other evidences of claims, demands, or charges against the District government . . . ." Id.*

**Response:** Plaintiff refers the Court to these provisions for a complete and accurate description of their contents.

*122.    The BAA amendments, by allowing the Council to submit the local portion of the District's budget, and any subsequent supplements, directly to Congress for passive review, impermissibly intrude on the Mayor's duty under Section 446 to submit the District's total budget to the President for enactment by Congress.*

**Response:** Denied.

*123.    Furthermore, under Section 446 of the Home Rule Act (D.C. Official Code § 1-204.46), the Council must adopt a budget, after a public hearing, "within 56 calendar days after receipt of the budget proposal from the Mayor." The BAA purports to amend this provision to allow the Council to enact the budget, as any ordinary Council legislation upon two readings, within 70 days.*

**Response:** Plaintiff refers the Court to these provisions for a complete and accurate description of their contents.

*124.    Pursuant to the schedule issued by the Council, the Mayor submitted the District's FY 2015 budget to the Council on April 3, 2014. Under the Home Rule Act, the Council must therefore adopt the budget by May 29, 2014. However, the Council schedule authorized final Council action on the Fiscal Year 2015 Budget Request Act and the Fiscal Year 2015 Budget*

*Support Act with two readings by June 11, or 69 days after the Mayor's submission of the budget.*

**Response:** Denied that the current law requires the Council to adopt the budget by May 29, 2014.  Otherwise admitted.

*125.     Because of the Council's actions, the Mayor will be unable to submit a budget to the President within the timeframe required by Section 446 of the Home Rule Act, as has been the District's practice over the past 40 years.*

**Response:** Denied.

*126.     The Home Rule Act makes clear that the District's Executive branch, through the Mayor and the CFO, is empowered and required to administer the District's finances. The Charter further describes the Mayor's required role in the District's budget process – to develop and submit a proposed budget to the Council, and to submit the total, adopted budget to the President for enactment by Congress. By vesting these executive functions in the Council, the BAA drastically reduces the Mayor's role in the District's budget process and severely impairs his ability to effectively comply with his congressionally-mandated duty to manage the District's finances.*

**Response:** Denied.

**B.     Imminent Risk of Loss of Funding for District Operations**

*127. The District's finances are threatened because the Council has made clear that it will no longer comply with the budget procedures laid out in the Home Rule Act.  Thus, under the BAA, Counterclaimants will be unable to lawfully fund the operations of their respective offices.*

**Response:** Denied.

*128.     Further, the Council's refusal to follow federal law regarding District budgeting could have disastrous effects on District operations as a whole.  As noted, Section 816 of the*

*Consolidated Appropriations Act of 2014 grants the District the right to expend local funds under*
*the federal Budget Request Act for FY 2015 in the event of a federal government shutdown.*
*However, this right is contingent on the District having a validly-enacted budget for FY 2015.*
*Since any budget approved pursuant to the BAA would be invalid, the District risks losing the right*
*to continue operating in the event of a federal government shutdown during FY 2015.*

**Response:** Denied.

129.     *Additionally, under D.C. Official Code § 47-392.09, control of District financial*
*operations automatically reverts to a federal control board should the District (i) default on any*
*loans, bonds, notes, or other obligations, (ii) fail to meet payroll for any pay period, (iii) fail to meet*
*pension or benefits payments for current or former employees, or (iv) fail to make any required*
*payments "to any entity established under an interstate compact to which the District of Columbia*
*is a signatory." The federal control board would supersede the Mayor, the CFO, and the Council*
*in matters relating to the District's financial operations. The Council's adherence to the BAA,*
*should it continue past May of this year, thus creates a substantial and imminent risk that the Mayor*
*and the CFO will lose authority over District financial operations as set forth in the Home Rule Act,*
*and that the District as a whole will lose a substantial portion of its right to self-governance.*

**Response:** Denied.

**C.     Counterclaimants' Liability under the Anti-Deficiency Act**

130.     *Under Section 603(e) of the Charter (D.C. Official Code § 1-603(e)), the Anti-*
*Deficiency Act applies to all District spending and appropriations. Therefore, even if*
*Counterclaimants were inclined to approve expenditures under an illegally-enacted budget, they*
*could not do so without exposing themselves to criminal liability and administrative discipline by*
*the federal government.*

**Response:** Denied.

131.     *Executive branch officials, including the Counterclaimants, who undertook to spend money or enter into contractual commitments as a result of the appropriations "approved" solely by the Council would be risking federal criminal and/or administrative charges for violations of the Anti-Deficiency Act.  Under 31 U.S.C. § 1350, an "officer or employee . . . of the District of Columbia government knowingly and willfully violating [the Anti-Deficiency Act] . . . shall be fined not more than $5,000, imprisoned for not more than 2 years, or both."*

**Response:** Denied.

132.     *Further, under 31 U.S.C. § 1351, the Mayor is required to report all violations of the Anti-Deficiency Act to the President and Congress.  The Mayor's report must include all the relevant facts as well as a statement outlining the administrative discipline taken.  31 U.S.C. § 1349 states that such discipline can include "suspension from duty without pay or removal from office."*

**Response:** Plaintiff refers the Court to these provisions for a complete and accurate description of their contents.

133.     *Thus, Counterclaimants and their personnel (including thousands of District officials and employees) risk criminal prosecution and administrative discipline should they authorize expenditures under any budget enacted in accordance with the BAA.*

**Response:** Denied.

**FIRST COUNTERCLAIM**

**DECLARATORY JUDGMENT OF ILLEGALITY OF BUDGET AUTONOMY ACT**

134.     *Counterclaimants reallege Paragraphs l through 133 as if set forth fully in this paragraph.*

**Response:** The Council restates the responses to paragraphs 74 through 133 as if set forth

fully in this response.  The Council admits paragraphs 1 through 67, which appear in the Council's Complaint.  Paragraphs 68 through 73 are denied.

*135. The BAA amendments, to the extent they purport to amend the District's budget process under the Home Rule Act, violate the Home Rule Act, the Anti-Deficiency Act, and the Budget and Accounting Act.  They are thus invalid under the Supremacy Clause.*

**Response:** Denied.

*136.    The BAA, by removing local and supplemental funds from the District's required budget process under the Home Rule Act, purport to (i) amend the requirements of the Home Rule Act, Anti-Deficiency Act, and Budget and Accounting Act in violation of Section 602(a)(3), (ii) eliminate the President, Congress, OMB, and the Comptroller General from their respective roles in the District's budget process for local and supplemental funds in violation of Section 603(a), and (iii) remove a portion of the District's budget from the purview of the Anti-Deficiency Act in violation of Section 603(e).*

**Response:** Denied.

*137.    The BAA violates the Anti-Deficiency Act and is thus null and void under the Supremacy Clause of the United States Constitution.*

**Response:** Denied.

*138.    Absent a declaratory judgment, Counterclaimants' refusal to authorize expenditures under any budget enacted pursuant to these invalid amendments creates a substantial and imminent risk that Counterclaimants will lose funding for their respective offices and for the operations of the District of Columbia government.*

**Response:** Denied.

## SECOND COUNTERCLAIM

## VIOLATION OF SEPARATION OF POWERS

*139.     Counterclaimants reallege Paragraphs 1 through 138 as if set forth fully in this paragraph.*

**Response:** The Council restates the responses to paragraphs 74 through 138 as if set forth fully in this response.  The Council admits paragraphs 1 through 67, which appear in the Council's Complaint.  Paragraphs 68 through 73 are denied.

*140. The BAA amendments violate the principle of separation of powers inherent in the D.C. Charter by purporting to empower the Council to perform functions expressly reserved by the Charter to the Mayor.*

**Response:** Denied.

*141.     As a result of these amendments, the Mayor is unable to submit the District's total budget to the President, and thus the Mayor cannot comply with the requirements of the Home Rule Act.*

**Response:** Denied.

## PRAYER FOR RELIEF

*WHEREFORE, Counterclaimants request that this Court:*

> *a. Declare that the Budget Autonomy Act, D.C. Law 19-321, 60 D.C. Reg. 1724 (Feb. 15, 2013), is null and void because it violates the Home Rule Act, the Anti-Deficiency Act,  and the Budget and Accounting Act;*

> *b. Permanently enjoin the Council of the District of Columbia from enacting, approving, or submitting any portion of the District's budget in accordance with the Budget Autonomy Act; and*

> *c. Order such other relief as the Court determines to be just and proper.*

**Response:** Denied. Plaintiff denies that Defendants are entitled to any of the relief requested in these paragraphs.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

1.      Defendants fail to state a claim on which relief can be granted.

2.      Defendants' claims are beyond the jurisdiction of this Court.

3.      Granting relief as requested by Defendants is contrary to public policy.

4.      Injunctive relief is unavailable as a matter of law.

5.      Defendants' claims have been abrogated by the Local Budget Autonomy Act of

2012.


Dated: May 5, 2014                              Respectfully submitted,

                                                BOIES, SCHILLER & FLEXNER LLP
                                                MAYER BROWN LLP



By: */s/ Karen L. Dunn (with permission)*       By:  */s/ Brian D. Netter*
    Karen L. Dunn                                    Brian D. Netter
      D.C. Bar No. 1002520                             D.C. Bar No. 979362
    Alexander I. Platt                                Breanne A. Gilpatrick
      D.D.C. Bar No. D00396                            D.C. Bar No. 1018094
    BOIES, SCHILLER & FLEXNER, LLP                   MAYER BROWN LLP
    5301 Wisconsin Avenue, NW                        1999 K Street, NW
    Washington, D.C.  20015                          Washington, D.C.  20006-1101
    Telephone:  (202) 237-2727                       Telephone:  (202) 263-3000
    Facsimile:  (202) 237-6131                       Facsimile:  (202) 263-3300
    Email:  KDunn@bsfllp.com                         Email:  bnetter@mayerbrown.com

    *Attorneys for Plaintiff Council of the District of Columbia*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

COUNCIL OF THE DISTRICT OF
COLUMBIA,

      Plaintiff,

      v.

VINCENT C. GRAY, in his official capacity
as Mayor of the District of Columbia,

         and

JEFFREY S. DeWITT, in his official capacity
as Chief Financial Officer for the District of
Columbia,

      Defendants.

</td><td>

No. 1:14-cv-00655-EGS

Hon. Emmet G. Sullivan

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys for the Council of the District of Columbia, hereby

certifies that on the 5th day of May 2014, a true and correct copy of the foregoing was

electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to all registered counsel of record.


By:  _/s/ Brian D. Netter_____
      Brian D. Netter
        D.C. Bar No. 979362
      MAYER BROWN LLP
      1999 K Street, NW
      Washington, D.C.  20006-1101
      Telephone:  (202) 263-3000
      Facsimile:  (202) 263-3300
      Email:  bnetter@mayerbrown.com